STEELE v. STEELE. (No. 2170.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 26, 1919. Rehearing Denied Dec. 4, 1919.)

1. DIVORCE ⬳144—SPECIAL ISSUES SHOULD DISTINCTLY STATE ISSUE AND SHOULD NOT REFER JURY TO PLEADINGS.

In a divorce suit, submitted on special issues to the jury, such issues under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1984a, 1985, should distinctly and specifically state the questions made by the pleadings and evidence, and should not refer the jury to the pleadings for a narration of the facts.

2. DIVORCE ⬳144—SUFFICIENCY OF SPECIAL ISSUE.

In an action for divorce, submitted on special issues, a question as to the custody of a child, which was involved, is objectionable, where it was a mere legal conclusion, and did not furnish any proper rule or standard to determine the proper person to have custody of the child.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Suit by Fannie Steele against Richard Roy Steele for divorce, in which defendant filed cross-bill. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Mahaffey, Keeney & Dalby, of Texarkana, for appellant.

Wheeler & Robison, of Texarkana, for appellee.

LEVY, J. The appellee sued appellant, her husband, for divorce, and asked for the custody of their minor child. The amended

original petition of the plaintiff alleged, as grounds for the divorce, a course of unkind and harsh treatment and personal violence towards her by the defendant. The defendant entered denial, and by cross-bill sought a divorce on the ground of adultery, and asked for the custody of the child. The case was submitted to the jury on three special issues, and on the findings judgment was entered in favor of appellee.

[1] Error is predicated upon the manner in which these issues were submitted to the jury. It is believed that the appellant's contention in this respect should be sustained. Questions 1 and 2 are not definite and specific, and merely refer the jury to the pleadings for a narration of the facts therein contained. The court should distinctly and specifically frame the questions made by the pleadings and evidence, and not leave too much to the discretion of the jury. Articles 1984a, 1985, Vernon's Sayles' Civ. Stat.

[2] And the third question, which is chiefly the harmful error, is objectionable on the ground that it is merely a legal conclusion, and does not furnish any rule or standard to determine the proper person to have the custody of the child.

The judgment is reversed, and the cause remanded for another trial.

---

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes